# IN THE COURT OF APPEALS OF IOWA

No. 18-1625
Filed September 11, 2019

**DANIEL LOUIS HICKS,**
       Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
       Respondent-Appellee.
_____

       Appeal from the Iowa District Court for Dallas County, Brad McCall, Judge.


       Daniel Hicks appeals the denial of his application for postconviction relief.

**AFFIRMED.**



       Alfredo Parrish, Andrew Dunn, and Adam C. Witosky of Parrish Kruidenier

Dunn Boles Gribble Gentry Brown & Bergmann, Des Moines, for appellant.

       Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee State.



       Considered by Vaitheswaran, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Daniel Hicks appeals the denial of his application for postconviction relief (PCR), asserting trial and appellate counsel were ineffective in failing to consult or retain a child-sexual-abuse expert, permitting witnesses to vouch for the child's credibility, and failing to challenge prejudicial testimony and out-of-court statements. Because Hicks failed to prove that but for trial and appellate counsel's alleged deficiencies in performance there is a reasonable probability the result of the proceeding would have been different, we affirm the denial of his application for postconviction relief.

**I. Background Facts.**

Hicks was convicted of sexual abuse in the second degree, indecent contact with a child, and incest. The complainant was eleven-year-old C.H.

On direct appeal, this court rejected Hicks's challenge to the sufficiency of the evidence. *State v. Hicks*, No. 13-1912, 2015 WL 1046130, at *2 (Iowa Ct. App. Mar. 11, 2015). This court disagreed with Hicks that only the complainant's testimony supported the conviction, observing:

> C.H.'s story was corroborated by DNA evidence and Hicks's own statement that "he would not do that to his own daughter" before he was even informed why the police were on his doorstep. When viewed in the light most favorable to the State, there is substantial evidence supporting the verdicts.

*Id.*

Hicks also argued he should have been granted a new trial because the verdicts were against the weight of the evidence, attacking the credibility of C.H.'s

allegations and testimony.[1]  *Id.* at *2–3.  We concluded the trial court did not abuse its discretion in denying the motion for new trial.  *Id.* at *3.

Next, this court addressed Hicks's challenge to the admission of C.H.'s 911 call and portions of an officer's body-microphone recording as hearsay and violating Hicks's right of confrontation.  *Id.*  Hicks's confrontation challenge had not been properly preserved; in any event, "the claim fail[ed] on the merits" as "C.H. testified at trial and was subject to cross-examination."  *Id.* at *4 (citing *State v. Tompkins*, 859 N.W.2d 631, 640 (Iowa 2015)).  The court also concluded C.H.'s statements made during the 911 call were admissible as excited utterances and, therefore, the trial court made no error in admitting them.  *Id.* at *4–5.

Hicks also challenged the trial court's order allowing C.H. to testify by closed-circuit television outside of Hicks's presence.  *Id.* at *5.  We determined the trial court followed the statutory procedures of Iowa Code section 915.38 (2011) and made the requisite findings.  *Id.*

We also rejected Hicks's additional evidentiary challenges related to C.H.'s redirect testimony about her living circumstances post-allegation.  *Id.* at *6.  We stated,

> Here, on cross-examination, defense counsel vigorously pursued a line of questioning to establish C.H. made up the allegations so she could return to her mother's house, the "fun" house with fewer rules than her father's house.  The State's redirect attempted to establish that C.H. stood by her allegations even though she had not been returned to her mother's house.  The testimony was elicited to rehabilitate C.H. following cross-examination.  It was of limited value.

---

[1] He noted inconsistencies in C.H.'s statements, C.H.'s demeanor was inconsistent with the claimed attack, C.H. wished to live with her mother and thus had a motive to fabricate the incident, and the amount of DNA was very small and could have been due to a secondary transfer.  *Hicks*, 2015 WL 1046130, at *3.

However, we cannot say the district court abused its discretion in admitting the evidence.

*Id.* Hicks argued, even if the evidence was relevant, it was unfairly prejudicial. *Id.* That claim was not addressed as it was not preserved for appellate review. *Id.* Finally, Hicks contended the trial court erred in excluding witnesses he argued would have supported his theory of the defense—that C.H. fabricated the allegation so she would be removed from his custody and returned to her mother. *Id.* We stated, "We agree with the district court that the proffered witnesses did not have any information probative of the issues in this case. There was no evidence they had personal knowledge of any statements C.H. made regarding fabrication of the allegations against Hicks." *Id.*

Hicks then filed his PCR application, raising a number of grounds of ineffective assistance of trial and appellate counsel. He asserted trial counsel was ineffective in failing to consult or retain an expert regarding child sex abuse, failing to thoroughly investigate C.H.'s background, failing to protect Hicks's right to confrontation by agreeing to depose C.H. outside Hicks's presence, failing to sufficiently raise confrontation-right claims, failing to object to vouching testimony, and failing to challenge the admission of C.H.'s testimony regarding her life post-allegation as unfairly prejudicial. He also asserted appellate counsel[2] was ineffective in not adequately addressing his claims on appeal and in failing to present several issues on further review.

Hicks was appointed counsel, who retained Dr. Elizabeth Pottebaum, a child-abuse expert, to evaluate C.H.'s allegations. Pottebaum was deposed and

---

[2] Hicks was represented by the same attorney at trial and on appeal.

opined about several factors and variables (C.H.'s background, school history, mental-health history, past child-in-need-of-assistance cases, and family circumstances, as well as an independent evaluation of C.H.) she believed should have been brought to the trial court's attention both at the time of addressing whether C.H. should be permitted to testify outside of Hicks's presence and during the criminal trial.

The PCR court issued its ruling, concluding Hicks failed to establish ineffectiveness of his trial counsel and, "even assuming such ineffectiveness has been shown, Hicks has failed to establish any prejudice resulted."

Hicks now appeals.

**II. Scope of Review.**

Our review of ineffective-assistance-of-counsel claims is de novo. *See Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

**III. Discussion.**

In the PCR proceeding, Hicks requested an independent interpretation for ineffective-assistance-of-counsel claims under the Iowa Constitution. The PCR court noted the *Strickland* standard has been consistently followed by this court and refused to apply a different standard under the Iowa Constitution. The PCR court found Hicks was unable to show any prejudice arising out of counsel's performance and denied the application.

On appeal, Hicks again argues article I, section 10's guarantee of "assistance of counsel" should be interpreted independently as Iowa's right to counsel provision is broader than the Sixth Amendment's because it contains two clauses not in the Sixth Amendment. We do not address his claim because this

court is "not at liberty to overrule controlling supreme court precedent."[3]  *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014).

In order to prevail on a claim of ineffective assistance of counsel, a claimant must prove that counsel failed to perform an essential duty and prejudice resulted. *See Ledezma*, 626 N.W.2d at 142.  "Both elements must be proven by a preponderance of the evidence.  However, both elements do not always need to be addressed.  If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently."  *Id.* (citations omitted).

To establish the first prong, Hicks must demonstrate his trial attorney performed below the standard demanded of a reasonably competent attorney. *See id.*  To establish the requisite prejudice, Hicks must prove that "that there is a

---

[3] This court has recently explained:

> We first note [the applicant] quarrels with the district court's refusal to apply "a less deferential standard" of prejudice under the Iowa Constitution than that provided for under the federal ineffective-assistance framework.  However, our courts have long followed the federal framework, including its prejudice standard, when considering ineffective-assistance claims under both the federal and state constitutions.  *See, e.g., King v. State*, 797 N.W.2d 565, 574–76, 576 n.3 (Iowa 2013) (determining PCR applicant's claim did not entitle him to relief because he failed to meet the federal standard for prejudice and reaching that "result under the Sixth Amendment of the United States Constitution and independently under article I, section 10 of the Iowa Constitution") . . . .  It was not for the PCR court to complete an independent and more lenient ineffective-assistance analysis than that already established by our supreme court.  *See State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014) (noting the district court properly followed supreme court precedent and noting the supreme court should be the court to diverge from established principles).  Likewise, it is also not for this court to diverge from the supreme court precedent, and we will apply *Strickland* prejudice to [the applicant's] claims.  *See id.* (noting it is proper for this court to apply precedent and leave any change to the supreme court); *King*, 797 N.W.2d at 574–76, 576 n.3 (applying *Strickland* prejudice to state constitutional claim).

*Beloved v State*, No. 17-1908, 2019 WL 1300224, at *1 (Iowa Ct. App. Mar. 20, 2019) (footnote and citation omitted), *further review denied* July 12, 2019.

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See id.* at 143 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

On our de novo review, we agree with the PCR court that Hicks did not prove any asserted breach of duty by counsel resulted in the requisite prejudice and, therefore, Hicks's ineffective-assistance claim fails.

The PCR court's ruling addressed Hicks's claims, which the court categorized as claims (1) related to pretrial investigation, (2) related to Hicks's right to confrontation of C.H., (3) related to trial and evidentiary issues, and (4) related to appellate issues. The court found trial counsel undertook an "extensive pretrial investigation" and specifically considered, and rejected from a strategic standpoint, the desirability of retaining the services of a child sex-abuse expert. In any event, the court found "a complete lack of any reasonable evidence to establish the outcome of the case would have been different had [trial counsel] done what Hicks now complains he failed to do."

With respect to trial counsel's efforts to protect Hicks's confrontation rights, the PCR court determined trial counsel was "clearly competent and effective in urging his client's position."

As for Hicks's claims related to trial and evidentiary issues, the PCR court observed:

> Hicks finds objectionable, as improper vouching testimony, comments made by two of the State's witnesses. Stephanie Yeoman, a DHS Child and Adult Protective Worker, interviewed C.H. at the Dallas County Sheriff's office on the evening C.H. reported the abuse. During the course of her testimony, Yeoman related she assessed C.H. during the interview as an "average [eleven] year old" in terms of her maturity level. She testified C.H.'s responses to her

questions did not "shock her." Jennifer Sleiter, a pediatric nurse practitioner who interviewed C.H. at Blank Children's Hospital, also on the night of the reported abuse, testified C.H. was "very appropriate and talkative" during the interview.

The testimony about which Hicks now complains does not amount to improper vouching testimony frowned upon by our courts. It did not, directly or indirectly, attempt to improperly link behaviors on the part of C.H. to known behaviors on the part of abuse victims. The testimony did not "improperly suggest the complainant was telling the truth and, consequently, the defendant was guilty." . . .

Hicks also claims [counsel] was ineffective in failing to request a specific jury instruction advising the jury it should disregard the fact that C.H.'s testimony was taken outside of Hicks's presence. Although he cites statutory authority from other states requiring such an instruction to be given at the request of the defendant, Hicks cites no Iowa authority in support of his argument.

(Footnotes omitted.) The court also found trial counsel made a reasonable strategic decision not to request an instruction.

With respect to trial counsel's failure to make an argument that certain testimony by C.H. was unduly prejudicial under Iowa Rule of Evidence 5.403,[4] the PCR court determined counsel was "arguably ineffective." Nonetheless, the court "specifically finds the evidence fails to establish 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"[5] The court summarized:

In the case at bar, C.H. identified Hicks as having sexually assaulted her. DNA consistent with Hicks's DNA profile, contributed by a male donor, was found on C.H.'s breast. Hicks's statement (recorded and played for the jury), that "he would not do that to his own daughter," before he had been informed why the police had responded to his home, was particularly incriminating. In light of substantial evidence presented at trial as to Hicks's guilt, this court concludes, even assuming some of the assigned acts of

---

[4] On direct appeal, this court noted the claim was not properly preserved for appellate review. *Hicks*, 2015 WL 1046130, at *6.

[5] And, because the claims of ineffective assistance of trial counsel failed, the PCR court found the claims of ineffective assistance of appellate counsel, which were based on the alleged failings of trial counsel, also failed.

ineffectiveness have merit, Hicks is unable to show any prejudice arising out of those acts.

The PCR court's ruling addresses all Hicks's claims, analyzes the claims appropriately under the applicable law, and provides extensive rationale. We adopt the PCR court's findings and conclusions and note that additional discussion would be of little value. We thus affirm without further opinion. *See* Iowa Ct. R. 21.26(d), (e).

**AFFIRMED.**